# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 5989 |
| v. | ) | |
| | ) | |
| PHILLIP CLINE, SCOTT SCHWEIGER, | ) | Wayne R. Andersen |
| TIFFANY AUGUSTYN, KIMBERLY, | ) | District Judge |
| OPPEDISANO and THOMAS PUFPAF | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion [16] of defendants Scott Schweiger, Tiffany Augustyn, Kimberly Oppedisano, Thomas Pufpaf (collectively "defendant officers") and Phillip Cline ("Cline") to dismiss certain counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to require a more definite statement as to other counts of the complaint pursuant to Federal Rule of Civil Procedure 12(e). For the reasons set forth below, the motion to dismiss is granted with respect to Counts III, IV, and VII and with respect to all claims against Cline. The motion to require a more definite statement with respect to a number of other counts is denied.

## BACKGROUND

In October 2008, pro se plaintiff Richard Black filed a seven-count complaint against defendants. The allegations in the complaint stem from an October 2006 incident in which the plaintiff was arrested by defendants Chicago Police Officers Augustyn and Oppedisano. Compl. ¶ 6. Following his arrest, plaintiff was charged with patronizing a prostitute and public indecency. *Id.* at ¶ 7. Also arrested and charged at this time was Andrea Delgado, a suspected

prostitute who allegedly agreed to render sexual services for plaintiff in exchange for a monetary sum. *Id.* at ¶ 9. The charges against plaintiff initially were approved by defendant Officers Pufpaf and Schweiger. *Id.* at ¶ 9. Following plaintiff's plea of not guilty, however, these charges were stricken by the City of Chicago. *Id.* at ¶ 11.

Plaintiff asserts a right to relief under 42 U.S.C. § 1983 arising from this series of events. *Id.* at ¶ 3. In particular, plaintiff alleges he was proceeded against by false evidence (Count I), unlawfully seized in violation of his Fourth Amendment rights (Count II), denied the right to free association in violation of the First Amendment (Count III), subjected to extensive detention without due process (Count IV), compelled to incriminate himself in violation of the Fifth Amendment (Count V), questioned without counsel in violation of the Sixth Amendment (Count VI) and denied equal protection of the law (Count VII). *Id.* at ¶ 6-41.

On March 31, 2009 defendants filed a motion to dismiss certain counts of plaintiff's complaint, specifically (1) Count III, free association (2) Count IV, due process (3) Count VII, equal protection and (4) all claims against defendant Phillip Cline. Defendants also moved for a more definite statement with respect to (1) Count I, false evidence (2) Count V, compelled self-incrimination and (3) Count VI, right to counsel. We now turn to these respective motions.

## ANALYSIS

**I. MOTION TO DISMISS**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167

L. Ed. 2d 929 (2007))." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); see also *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

### A. Count III – Free Association

Count III alleges that defendant officers violated plaintiff's First Amendment right to free association by limiting his ability to interact freely with Andrea Delgado. Compl. ¶ 17-21. The First Amendment, however, creates no all-encompassing general right to free association. Instead, the Supreme Court has held that constitutional protection for association exists only when an individual (1) has chosen to enter into and maintain certain intimate or private

3

relationships or (2) is engaged in protected speech or religious activities. *See Board of Directors of Rotary International v. Rotary Club of Duarte,* 481 U.S. 537, 544 (1987) (citing *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)). Because we are not dealing with protected speech or religious activities, plaintiff would have to satisfy the intimate or private relationship branch of analysis to sustain his claim.

Although the Supreme Court has not precisely outlined the intimate or private relationships that qualify for protection, it has generally suggested that such relationships "revolve around the 'creation and sustenance of the family.'" *Klupt v. City of Chicago*, 1989 WL 36406, at *8 (N.D. Ill. April 4, 1989) (citing *Rotary International* 481 U.S. at 545). Along these lines, the Court has emphasized that the First Amendment protects only those relationships that "[presuppose] deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences and beliefs but also distinctively personal aspects of one's life." *Rotary International*, 481 U.S. at 545 (citing *Roberts*, 468 U.S. at 619-620). Plaintiff has not alleged that his interaction with Delgado reflected a genuine familial interest. He also has not alleged that this interaction was part of a deep and lasting mutual commitment. As such, plaintiff has failed to demonstrate a constitutional right to associate with Delgado. Therefore, Count III should be dismissed.

**B. Count IV – Due Process**

Count IV asserts that defendant officers "delayed releasing plaintiff on his personal recognizance for about eight hours, deliberately so as to punish him without due process of law." Compl. ¶ 23. It is clear that a pretrial detainee may be lawfully detained and subject to the restrictions of a detention facility so long as these restrictions do not amount to serious

4

punishment. *See Baker v. City of Chicago Police Department*, 2000 WL 556619, at *3 (N.D. Ill. May 1, 2000); *Tesch v. County of Green Lake* 157 F. 3d 465, 476 (7th Cir. 1998). The Seventh Circuit has made clear that the "mere fact that pretrial detention interferes with a person's desire to live comfortably and free from restraint does not without more make the conditions of that confinement unconstitutional." *Board v. Farnham* 394 F. 3d 469, 477 (7th Cir. 2005). Indeed, there exists a "*de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

Whether a particular detention extends beyond this *de minimis* level of imposition is determined by assessing the duration and severity of the occurrence. *Tesch* 157 F. 3d at 476. Based on the duration and severity of his detention, it is clear that plaintiff's allegations do not sufficiently state a claim for a violation of his constitutional rights. The Seventh Circuit previously has declined to find such a violation when a detainee suffering from multiple sclerosis was held in sub-optimal conditions for over forty hours. *Id*. In issuing its conclusion, the Seventh Circuit made clear that "short-term impositions are simply part of the general level of discomfort that anyone can expect to experience while in custody." *Id.* Because plaintiff has alleged no more than a short-term imposition of this variety, Count IV of his complaint should be dismissed.

**C. Count VII – Equal Protection**

Count VII alleges that "the Chicago Police Department has in place a policy and practice of treating Plaintiff and other non-members of the Chicago Police" differently upon arrest than it treats members of the Chicago Police Department. Compl. ¶ 35. The existence of this alleged policy and practice, plaintiff argues, gives rise to a violation of the Equal Protection Clause of

the Fourteenth Amendment. Such an equal protection claim generally arises only in the case of intentional invidious discrimination by the state. *Ciechon v. City of Chicago*, 686 F. 2d 511 (7th Cir. 1982).

Establishing the sufficiency of this claim "does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). While Federal Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. In this case, plaintiff has set forth a number of naked assertions regarding the alleged conspiratorial habits of the Chicago Police Department and the double standard in criminal procedure that results therefrom. While this court will not dismiss a complaint merely because its allegations are "unrealistic or nonsensical", *Id.* at 1951, we must rely on "judicial experience and common sense" to determine whether the allegations set forth create a plausible claim for relief. *Id.* at 1950. While plaintiff here has laid out a number of general allegations regarding police procedure, he has failed to provide the factual enhancement and specific application necessary to render his claim plausible. These requirements take on added importance in the context of an equal protection claim regarding an unprotected class of alleged victims. In this context, a plaintiff wishing to survive a motion to dismiss must "allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 458 (7th Cir. 1992). Because plaintiff has failed to establish the

6

plausibility of his claim for relief and failed to overcome the presumption of rationality, Count VII should be dismissed.

### D. All Counts with Regard to Defendant Cline

The name Phillip Cline appears once in plaintiff's complaint, in the caption. No specific connection between Cline and the alleged events has been identified. Presumably then, plaintiff is alleging that Cline's role as Superintendent of the Chicago Police Department during the relevant time period itself creates liability. To maintain his Section 1983 claims against Cline, however, plaintiff would need to show that Cline was personally involved in the alleged misconduct of the defendant officers. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). Because the events here occurred over a very short period of time, he would also need to establish that Cline had an opportunity to intervene in the alleged misconduct but failed to do so. *See Lanigan v. Village of Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). Because the complaint fails to demonstrate Cline's awareness of, much less connection to, the alleged events, neither of these hurdles has been cleared. Because Cline has not been meaningfully tied to these events, he cannot be fairly considered on notice with respect to the nature of the claims against him. *See Twombly*, 550 U.S. at 555. As such, all claims against Cline should be dismissed.

## II. MOTION FOR A MORE DEFINITE STATEMENT

Defendants have asked this court to require a more definite statement from plaintiff. Their motion rests on the fact that plaintiff has provided three claims whose facts intersect, and at some points appear to rely on inconsistent factual premises. For instance, plaintiff has asserted that he was falsely accused of confessing to his crime but has also said he was wrongly

denied counsel at the time his confession was recorded. While the facts underlying these claims may not be perfectly clear, and may at times appear in tension with one another, this alone will not lead us to grant a motion for a more definite statement. Instead, the question is whether the relevant claims are "so vague or ambiguous" that the defendants cannot reasonably be required to frame a response. *Fed. R. Civ. P. 12(e)*.

We are confident here that defendants can reasonably identify and respond to each respective claim for relief: proceeding upon false evidence, compelled self-incrimination, and withholding counsel. Whether or not some underlying factual tension exists with respect to these claims—and we are not convinced that it does—such tension does not rise to a level that requires this court's intervention. The fact that we are dealing with a *pro se* plaintiff only heightens our willingness to let the complaint proceed without imposing additional technical burdens. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Even if plaintiff had advanced inconsistent claims or theories, that would not have been impermissible. *See Fed. R. Civ. P. 8* (stating that a party may advance inconsistent claims or claims in the alternative). Because the court is confident that defendants are capable of framing a response to the existing claims, and because we are unsure what benefit would accrue from requiring clarification of the complaint, the motion for a more definite statement is denied.

## **CONCLUSION**

For the reasons set forth above, defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss [16] is granted with respect to Counts III, IV, and VII and with respect to all claims against defendant Phillip Cline. The request for an order requiring a more definite statement is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July 22, 2009